## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LY'TAVIA ROBINSON, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-372 |
| | § | |
| HOMETOWNE ON BELLFORT and | § | |
| LASHAE HENDRIX, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### MEMORANDUM AND OPINION

The plaintiff, Ly'tavia Robinson, worked at Hometowne on Bellfort as a leasing agent from January 31, 2024, to September 2025. She has filed an amended complaint alleging "workplace harassment" and defamation. She alleges that her manager did the following: "calling [her] out of [her] name, minimizing [her] ability to properly work and verbally abusing [her], going through constant criticism and being threaten." (Docket Entry No. 12 at 1). She alleges that she "wasn't given the opportunity to learn the job [she] was promoted to due to [her] being asked to perform the leasing agents duties." (*Id.*). She further alleges that "Mrs. Hendrix stated the reason was because Tiffany Burns didn't know tax credit." (*Id.*). Robinson alleges that when she asked her supervisor "for confirmation of [her] job duties," she faced retaliation from Ms. Hendrix in the form of "her falsely accusing [Robinson] of sexual harassment of another co-worker." (*Id.*).

Robinson's EEOC charge alleged that her termination was "discriminatory based on [her] (Race, Black), and my (Brain injury)." (Docket Entry No. 1 at 1). She alleged that the proffered reason for terminating her—that she sexually harassed a coworker—was a pretext for

discrimination. (*Id.*). The defendants moved to dismiss Robinson's complaint. (Docket Entry No. 13).

In her amended complaint, Robinson alleges "workplace harassment." (Docket Entry No. 12 at 1–2). However, she did not administratively exhaust this claim by including it in the EEOC charge. (*See* Docket Entry No. 1 at 1–3). Her charge focused instead on allegedly discriminatory motives for her termination. Her complaint about workplace harassment "could not reasonably have been expected to grow out" of her allegation of a discriminatory firing. *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Robinson failed to exhaust the Title VII claim her complaint.

Robinson's Title VII claim suffers two additional defects. First, she does not allege that the harassment was based on her race or disability. Second, the workplace conduct she alleges does not, as a matter of law, amount to actionable harassment. Title VII of the Civil Rights Act of 1964 does not create a "general civility code" for the workplace. *West v. City of Houston*, 960 F.3d 736, 743 (5th Cir. 2020) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). "Title VII does not shield against harsh treatment in the workplace." *Price v. Rosiek Const. Co.*, 509 F.3d 704, 708 (5th Cir. 2007). "Toiling under a boss who is tough, insensitive, unfair, or unreasonable can be burdensome, but Title VII does not protect from the 'ordinary slings and arrows that suffuse the workplace every day.'" *Ahern v. Shinseki*, 629 F.3d 49, 59 (1st Cir. 2010) (quoting *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 425 (1st Cir. 1996)). "[G]enerally disagreeable behavior and discriminatory animus are two different things." *Id.* Because Robinson has not alleged facts that state a claim under Title VII, that claim is dismissed.

Robinson has also asserted a Title VII claim against her former supervisor, LaShae Hendrix, but there is no basis to recover under Title VII against individual supervisors. *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002). That claim is also dismissed.

2

The federal claims have been dismissed. Robinson's only remaining claim is for defamation under state law. Because this case is at an early stage, it is appropriate to decline to exercise jurisdiction over the remaining state law claim. 28 U.S.C. § 1367(c); *May v. FedEx Freight E., Inc.*, 649 F. Supp. 2d 451, 453 (M.D. La. 2009), *aff'd sub nom. May v. Fedex Freight E., Inc.*, 374 F. App'x 510 (5th Cir. 2010).

The court grants the defendants' motion to dismiss. (Docket Entry No. 13). The Title VII claim is dismissed, with prejudice, because further attempts at amendment would be futile. The state-law defamation claim is dismissed without prejudice.

SIGNED on September 12, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge